IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FABIAN VILLANUEVA

       Petitioner,

v.                                                                                                  Civ. 14-594 KG/SCY

JAMES FRAWNER, Warden,
and GARY K. KING, New Mexico
Attorney General,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 1.* I find that Petitioner's claims are time-barred, and I recommend dismissing the Petition with prejudice.

**I.   BACKGROUND**

On November 17, 2006, a jury found Petitioner Fabian Villanueva guilty of a variety of crimes relating to his sexual assault of his former girlfriend in the presence of their two-year-old son. *Doc. 7*, Ex. A. As a result of this conviction, Petitioner was sentenced to an actual term of imprisonment of twelve years. *Id.* He filed a timely direct appeal to the New Mexico Court of Appeals on April 20, 2007, arguing that the trial court erred in (1) admitting evidence under Rule 404(b) about Petitioner's prior bad acts, (2) failing to declare a mistrial after the prosecution gave an allegedly misleading definition of "reasonable doubt" to the jury during the voir dire process, (3) allowing the victim's mother to testify about hearsay statements made by police and by Petitioner's son, (4) permitting a nurse to testify as an expert in strangulation, (5) neglecting to merge certain counts. *Doc. 7*, Exs. C-D. During the course of the appeal, Petitioner moved to

amend his docketing statement to include additional claims for ineffective assistance of counsel, failure to test the physical evidence, and cumulative error. *Doc. 7*, Ex. G. In particular, Petitioner alleged that his attorney had provided him with deficient representation by failing to (1) move for a continuance to secure character witnesses to rebut the prosecution's Rule 404(b) evidence, (2) object to the prosecution's vilification of Petitioner during closing, (3) make discovery available to Petitioner, and (4) obtain an expert witness to testify on Petitioner's behalf. *Id.*

On January 2, 2008, the New Mexico Court of Appeals issued an order affirming Petitioner's conviction and remanding the case to the trial court for the correction of language in the judgment, which had created some uncertainty about which counts were merged. *Doc. 7*, Ex. H. Petitioner filed a motion for a writ of certiorari, which the New Mexico Supreme Court denied on February 19, 2008. *Doc. 7*, Exs. I-J. After the Supreme Court issued a mandate remanding the case (*Doc. 7*, Ex. K), the trial court entered an amended judgment on April 28, 2008, *Doc. 7*, Ex. B. Petitioner's criminal case subsequently concluded on May 29, 2008 after the trial court denied Petitioner's motion for a modification of the sentence. *Doc. 7*, Ex. O.

Over four years later, on July 30, 2012, Petitioner filed a state petition for writ of habeas corpus. *Doc. 7,* Ex. P. In this action, Petitioner asserted several bases for relief, summarized as follows: (1) ineffective assistance of counsel based on trial attorney's failure to request a continuance to prepare for trial and challenge the prosecution's 404(b) evidence, (2) ineffective assistance of counsel based on trial attorney's failure to call an expert witness, (3) ineffective assistance of counsel based on trial attorney's failure to file a pretrial motion to admit evidence of Petitioner's prior sexual relationship with the victim, (4) cumulative effect of attorney's ineffective assistance of counsel, (5) confrontation clause violations caused by trial court's decision to allow a nurse to testify about hearsay statements the victim made, (6) due process

2

violations caused by the prosecution's failure to timely disclose its intent to offer 404(b) evidence, (7) improper court interference with defense investigation, and (8) double jeopardy. *Doc. 7*, Exs. R-S. After reviewing these claims, the district court dismissed the petition on November 22, 2013. *Doc. 7*, Ex. U. Petitioner appealed this decision to the New Mexico Supreme Court, *Doc. 7*, Ex. V, but the Supreme Court denied certiorari, *Doc. 7*, Ex. X.

Petitioner filed the instant Petition on June 25, 2014.

## II. PETITIONER'S CLAIMS

Petitioner raises the following seven grounds for relief in the instant Petition:

1. Ineffective assistance of counsel at trial because counsel was not prepared for trial and failed to request a continuance to challenge the prosecution's 404(b) evidence (*Doc. 1* at 5);

2. Ineffective assistance of counsel at trial because counsel neglected to consult an expert witness to independently examine or test the physical evidence (*Id.* at 7);

3. Ineffective assistance of counsel at trial because counsel did not file a pretrial motion to admit evidence of Petitioner's prior sexual relationship with the victim (*Id.* at 8);

4. Cumulative error caused by ineffective assistance of counsel at trial (*Id.* at 10);

5. Improper admission by the trial court of testimony regarding victim's out-of-court statements to a nurse (*Id.* at 11);

6. Prosecutorial misconduct in failing to timely disclose intent to use 404(b) evidence (*Id.* at 11); and

7. Improper court interference with counsel's decision-making process (*Id.* at 11);

Respondent argues first that this Petition should be dismissed because it is time-barred and not tolled by any applicable doctrine. *Doc. 7* at 1. In the alternative, Respondent contends that the federal claims presented have been properly resolved by the state court. *Id.*

**III. ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Normally, this time period begins to run once the judgment of the petitioner becomes final. In this case, the New Mexico Supreme Court rendered a decision on Petitioner's direct appeal on January 2, 2008 and the trial court entered its amended judgment on April 28, 2008. At the latest, Petitioner's judgment became final on May 28, 2008, thirty days later, after the time period for appealing the amended judgment expired. *See* 28 U.S.C. § 2244(d)(1)(A) (a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"). Petitioner did not file his federal habeas petition until June 25, 2014, more than four years later. Thus, in the absence of statutory or equitable tolling, Petitioner's federal habeas petition must be considered time-barred.

**A. Statutory Tolling**

Under 28 U.S.C. § 2244(d)(1), the date the statute of limitations begins to run will be delayed if: (1) unconstitutional or otherwise federally prohibited state action prevents petitioner from filing a habeas petition, (2) the Supreme Court recognizes a new constitutional right that is retroactively applicable to petitioner's case on collateral review, or (3) petitioner is unable to discover the factual predicate of the claims presented until after judgment becomes final, despite the exercise of due diligence. None of these circumstances are present in this case. Rather, Petitioner explains that his slowness to file resulted from his ignorance of the law, his misunderstanding of the statute of limitations, his inability to access up-to-date legal information, his time-consuming attempt to acquire his entire case file, his extended review of the file once it was acquired, and his repeated drafting of his petition. *Doc. 8* at 2-4. In other words, Petitioner

admits that the length of time he spent preparing his habeas petition is almost entirely attributable to personal difficulties, not to state impediments, the development of the law, or the unearthing of previously unavailable factual information. For instance, Petitioner says it took him two and a half years to acquire his whole case file. *Id.* at 3. Yet, he does not blame this lag on the state, let alone explain how his inability to access portions of his case file kept him from filing a timely habeas petition. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (holding that a petitioner was not entitled to statutory tolling because petitioner failed to explain how the documents withheld by the state were necessary to pursue his federal claim). Similarly, Petitioner complains that he has been kept in a facility without access to updated legal information, but he does not explain how this lack of access prevented him from filing the above claims, which are all closely related to claims he raised on direct appeal. For these reasons, I conclude that Petitioner is not entitled to statutory tolling.[1]

### B.  Equitable Tolling

A petitioner is entitled to equitable tolling if he can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance" impeded his ability to file a timely petition. *Pace*, 544 U.S. at 418. This burden is a heavy one; "a garden variety claim of excusable neglect is not enough." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). For instance, "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal citation omitted). In accordance with this rule, the Tenth Circuit has dismissed habeas petitions as time-barred where a prison legal access attorney contributed to the

---

[1] While 28 U.S.C. § 2244(d)(2) suspends the one-year statute of limitations during the pendency of any properly filed state action for post-conviction relief, it does not toll the statute of limitations during the time preceding such a state filing. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Thus, Petitioner's claim cannot be made timely under §2244(d)(2).

filing delay, *id.*, and where the petitioner made conclusory accusations that inadequate access to legal materials caused the delay, *Roderick v. Salzburg*, 335 F. App'x 785, 787 (10th Cir. 2009) (unpublished).

Like with these cases, Petitioner has not made any showing that extraordinary circumstances prevented him from filing a timely petition despite his efforts to comply with the statute of limitations. To the contrary, Petitioner's pursuit of his claims can hardly be termed diligent. He admits that it took him about a year to read through his case file plus additional time to draft his habeas petition. *Doc. 8* at 2-4. In light of these representations, it is clear that no basis exists for equitably tolling Petitioner's statute of limitations.

### IV. CONCLUSION

For the forgoing reasons, I have found that all of Petitioner's ground for relief are time-barred and should be dismissed with prejudice.

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**