IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FABIAN VILLANUEVA,

    Petitioner,

v.                                                                        Civ. 14-594 KG/SCY

JAMES FRAWNER, Warden,
and GARY K. KING, New Mexico
Attorney General,

    Respondents.

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND DISMISSING CASE

THIS MATTER is before the Court on Petitioner Fabian Villanueva's 28 U.S.C. § 2254 motion for a writ of habeas corpus. *Doc. 1*. On December 9, 2014, Magistrate Judge Steven C. Yarbrough filed a Proposed Findings and Recommended Disposition ("PFRD") advising that the Court dismiss Petitioner's claims as time-barred. *Doc. 9*. Petitioner objected to the PFRD, asserting actual innocence and arguing that the statute of limitations should be tolled because state action prevented him from timely filing his federal habeas petition. *See generally doc. 12*. The Court has reviewed these objections de novo, but finds them unpersuasive. The Court will, therefore, overrule Petitioner's objections, adopt the PFRD, and dismiss the petition.

I.    **BACKGROUND**

Petitioner Fabian Villanueva is currently serving a prison sentence of twelve years for a variety of different crimes arising from the sexual assault of his former girlfriend. *Doc. 7*, Ex. A. Petitioner's attempts to challenge his conviction are set forth in detail in the PFRD. For the purposes of this order, the Court will review the relevant timeline, which is central to determining whether Plaintiff's claims are time-barred. On November 17, 2006, a jury found

Petitioner guilty; on April 20, 2007, Petitioner filed a direct appeal of this decision to the New Mexico Court of Appeals; on April 28, 2008, after the appeal was resolved, the trial court entered an amended judgment sentencing Petitioner to twelve years of imprisonment; on May 29, 2008, the trial court denied Petitioner's motion for a modification of the sentence. Petitioner did not take any further action to challenge his conviction or sentence until July 30, 2012, over four years later, when Petitioner filed a state petition for writ of habeas corpus. *Doc. 9* at 1-3. Petitioner filed the instant Petition on June 25, 2014. *Doc. 1*.

## II. ANALYSIS

In his twenty-two pages of objections, Petitioner spends a significant portion of time identifying constitutional violations that allegedly contributed to his conviction and discussing how these violations are structural or were the result of the state court's unreasonable application of federal law. These sections of Petitioner's objections are immaterial to the issue facing this Court: did the Magistrate Judge correctly determine that any consideration of Petitioner's claims is barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of limitations? This is a preliminary issue that must be addressed before the Court can consider the underlying merits of Petitioner's claims. In other words, the Court would not be free to ignore the statute of limitations, even if it were convinced that Petitioner's claims were meritorious; by its very nature, the statute of limitations contemplates the expiration of untimely filed, but otherwise viable claims. *See Douglas v. Workman*, 560 F.3d 1156, 1190 (10th Cir. 2009) ("[O]ne of the recognized purposes of AEDPA [is] finality."); *United States v. Mitchell*, 518 F.3d 740, 747 (10th Cir. 2008) (AEDPA's statute of limitations lends "finality to state court judgments").

Here, Petitioner's conviction became final in the spring of 2008 after the entry of the amended judgment sentencing him to twelve years of imprisonment.[1] Petitioner, however, did not file a state or federal habeas petition for over four years, far outside the normal one-year AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d). As a result, the Court cannot consider Petitioner's claims unless statutory or equitable tolling applies. In his objections, Petitioner asserts three possible bases for tolling: statutory tolling under 28 U.S.C. § 2244(d)(1) due to a state-created impediment, equitable tolling, and tolling because of actual innocence. The Court will consider each claim in turn.

### A. Statutory Tolling – State Created Impediment

When unconstitutional or otherwise federally prohibited state action prevents a petitioner from filing a habeas petition, the one-year AEDPA statute of limitations does not begin to run until this impediment is removed. 28 U.S.C. § 2244(d)(1). In his original filings, Petitioner identified six "obstacles" that contributed to his slowness in filing a federal or state habeas petition: (1) his ignorance of his constitutional rights, (2) his incarceration in a facility with "no access to up to date legal information such as WestLaw," (3) a two-and-a-half-year period before he acquired his whole case file, (4) a roughly one-year period to read his case file and study the law, (5) time for drafting his habeas petition, and (6) a misunderstanding of the statute of limitations period. *Doc. 8* at 2-4. The Magistrate Judge considered this explanation, but concluded that "the length of time [Petitioner] spent preparing his habeas petition [was] almost entirely attributable to personal difficulties, not to state impediments." *Doc. 9* at 5. The Judge

---

[1] The Magistrate Judge found that Petitioner's judgment became final, at the latest, on May 28, 2008, (*doc. 9 at 4*), after the time period for appealing the amended judgment expired. *See* 28 U.S.C. § 2244(d)(1)(A) (a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"); Rule 12-201 NMRA. Petitioner does not object to this calculation. The Court notes, however, that petitioner sought a modification of this sentence, which was denied on May 29, 2008. It is arguable that Petitioner's judgment did not become final until the time period for appealing this denial expired in June 2008. Even if true, however, this does not change the Magistrate Judge's analysis as Petitioner's state habeas was not filed until July 30, 2012, more than four years later.

based this conclusion, in part, on Petitioner's failure to explain how his lack of access to legal information or his delays in obtaining his case file contributed to his inability to timely file a habeas petition. *Id.*

In the objections, Petitioner continues to make generic allegations that he diligently pursued his rights but was prevented from timely filing a habeas petition because the state failed to provide him with sufficient access to legal materials and the state impeded his attempts to obtain "discovery." *Doc. 12* at 4-7. This is insufficient to support a claim for statutory tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (affirming dismissal of federal habeas petition where the petitioner "provided no specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims").

Furthermore, even if the state impermissibly delayed Petitioner's case by failing to provide him with access to legal materials and by deterring him from acquiring his case file, the statute of limitations is not altogether waived, but is only tolled until the time at which these state impediments cease. Here, by Petitioner's own admission, he spent over one year preparing his state habeas petition <u>after</u> he obtained the case file. *Doc. 8* at 3. During this time period, Petitioner had access to legal materials. *Id.* ("once Petitioner got his case file Petitioner thoroughly read over this case which took about a year, also taking notes, writing the Supreme Court Law Library for case laws . . . the rest of the time Petitioner compiled his notes from his research and drafted a Habeas Corpus, it took Petitioner numerous times to create a final draft."). Additionally, as the Magistrate Judge noted, Petitioner's claims are all closely related to claims he raised on direct appeal; thus, it is particularly unclear how lack of access to updated legal information prevented timely filing. To summarize, Plaintiff's conclusory allegations about lack of access to legal and case materials cannot explain the four year delay in filing his habeas

petition. *See Christie v. Byrd*, 573 F. App'x 758, 759 (10th Cir. 2014) (rejecting claim that deficient resources at the prison law library presented an impediment to timely filing because petitioner did not provide sufficient facts suggesting that the state actively prevented him from accessing relevant materials); *Roderick v. Salzburg*, 335 F. App'x 785, 787 (10th Cir. 2009) (conclusory allegation insufficient to support request to toll statute of limitations). The Court finds that statutory tolling is not appropriate.

### B.  Equitable Tolling

A court may equitably toll the AEDPA statute of limitations if the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance" impeded his ability to file a timely petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this regard, extraordinary really does mean extraordinary; "a garden variety claim of excusable neglect is not enough." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). Petitioner's arguments in favor of equitable tolling are the same as his arguments in favor of statutory tolling; he claims he was pursuing his rights diligently but was hindered by lack of access to legal materials and other discovery. These arguments fail for the same reasons his arguments in favor of statutory tolling fail. Petitioner does not explain what specific materials he needed, but lacked, to timely file his petition. Plus, Petitioner admits that he spent over a year drafting his habeas petition. These facts do not support a finding that Petitioner faced extraordinary circumstances or that he was diligently pursuing his federal claims.

Petitioner complains that Respondent "has not had to present facts to dispute or disprove [his] claims that he incurred extraordinary circumstances which prevented him from timely filing." *Doc. 12* at 10. This is a misunderstanding of the equitable tolling doctrine. Petitioner, the litigant seeking equitable tolling, not Respondent, carries the burden of showing that tolling is

warranted. *Sigala*, 656 F.3d at1128. Because Petitioner has not satisfied this burden, the Court cannot equitably toll the statute of limitations.

### C. Actual Innocence

Petitioner raises a claim of actual innocence for the first time in his objections. In the Tenth Circuit, "[a] claim of actual innocence may toll the AEDPA statute of limitations." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). To successfully make such a claim, however, a petitioner must support his "allegations of constitutional error with reliable evidence" that was not presented at trial and that is sufficient to "show that it is more likely than not that no reasonable juror would have convicted the petitioner in light of the new evidence." *Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007) (internal citations omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). In other words, the petitioner must raise serious doubts about his factual guilt.

Here, Petitioner does not provide any new and reliable evidence of his innocence. He asserts that a test of the physical evidence from the rape kit would show that his saliva and skin cells were not present on the victim. *Doc. 12* at 11. This is not reliable evidence, but is a mere assertion about what untested evidence might prove. In the absence of a stronger showing of innocence,[2] this Court cannot consider Petitioner's claims of constitutional error.

**IT IS THEREFORE ORDERED THAT:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 9*) is ADOPTED.

---

[2] Petitioner attached an affidavit to his objections from his former employer, outlining Petitioner's hours of employment around the time of the crime. *Doc. 12* at 27-28. Petitioner does not argue that this affidavit supports his claim of actual innocence and, upon review, the Court finds it to be too general to constitute evidence that would seriously undermine Petitioner's conviction.

2. Petitioner Fabian Villanueva's petition for a writ of habeas corpus is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE